UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| **Lewis Edward Victery,**<br>Petitioner<br>-vs-<br>**State of Arizona, et al.,**<br>Respondents | CV-09-8125-PCT-FJM (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

**I. MATTER UNDER CONSIDERATION**

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 30, 2009 (Doc. 9). On March 1, 2010 Respondents filed their Answer (Doc. 17). Petitioner filed a Reply (Doc. 22) and Exhibits (Doc. 23) on June 21, 2010.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

**II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

**A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL**

Petitioner was convicted by a jury in Coconino County Superior Court on four counts each of sexual conduct with a minor, sexual assault, child molestation and kidnapping of a minor, all class 2 felonies and dangerous crimes against children. The charges stemmed from four separate assaults on his 11-12 year old step-daughter over the course of some 13 months. He was sentenced on each of the sexual conduct and sexual assault counts to a mandatory

term of life imprisonment without possibility of parole for 35 years, and on each of the molestation and kidnapping counts to a presumptive term of 17 years imprisonment. The counts arising from each instance were concurrent to each other, but the combined sentence from each instance was consecutive to the others, with the net effect of four consecutive life sentences. (Exhibit A, Mem. Dec. 3/23/06 at 1-4.) (Exhibits to the Answer, Doc. 17, a referenced herein as "Exhibit ___.")

**B.  PROCEEDINGS ON DIRECT APPEAL**

Petitioner filed a direct appeal asserting two grounds for appeal:

(1) "whether the trial court committed fundamental error by allowing a witness to read from two studies analyzing the results of physical examinations of child sexual-abuse victims and"

(2) "whether the court abused its discretion in precluding evidence of an allegation that the victim had previously been molested by her biological father."

(Exhibit A, Mem. Dec. 3/23/06 at 1-2.)  The Arizona Court of Appeals denied the appeal on March 23, 2006. (*Id.* at 12.)  Petitioner did not seek further direct review. (2nd Amend. Pet. Doc. 9 at 3.)

**C.  PROCEEDINGS ON POST-CONVICTION RELIEF**

On August 5, 2005, during the pendency of Petitioner's direct appeal, Petitioner filed a Notice of Post-Conviction Relief (Exhibit C). Eventually, counsel was appointed and filed a supplemental petition dated December 1, 2006 (Exhibit D).  The petition asserted claims of ineffective assistance of counsel and actual innocence. On May 4, 2007, the PCR Court summarily denied the Petition. (Exhibit E, Order 5/4/7.)

Petitioner sought review by the Arizona Court of Appeals, asserting the same two general claims. (Exhibit F, PFR.)  Review was denied. (Exhibit G, Order 3/18/08.) Petitioner then sought review by the Arizona Supreme Court (Exhibit H, PFR), which was denied on July 28, 2008 (Exhibit K, Order).

## D.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 22, 2009 (Doc. 1). Petitioner's original petition utilized portions of the Court approved form, named solely the Arizona Attorney General as respondent, and asserted no grounds for relief, those pages of the form being omitted.  Attached within the Petition were various records from the state court PCR Proceeding, including Petitioner's PCR Petition for Review to the Arizona Court of Appeals (Doc. 1 at 10) and to the Arizona Supreme Court (*id.* at 43) and his Reply in the Arizona Court of Appeals.

On August 18, 2009, the Court dismissed the Petition with leave to amend because of Petitioner's failure to name a proper respondent.  (Order 8/18/09, Doc. 6.)  A court approved form of petition was appended to the Order.  (*Id.*)

On August 24, 2009, Petitioner filed his First Amended Petition (Doc. 7).  This amended petition was essentially a duplicate of the first, save for the addition of the Director of the Arizona Department of Corrections as a Respondent, and the addition of a separate certificate of service.

On October 9, 2009, the Court dismissed the First Amended Petition with leave to amend because Petitioner had failed to set out any grounds for relief.  (Order 10/9/9, Doc. 8.)  That order reasoned:

> Petitioner used the court-approved form to seek habeas relief, but he has failed to set forth the grounds upon which he seeks relief. Instead, Petitioner merely inserts copies of orders, petitions, and briefs from his state proceedings. That is not sufficient. Petitioner must set forth each ground for relief separately in the space provided on the court-approved form, and append additional pages, if necessary. Accordingly, the Court will dismiss the First Amended Petition with leave to file a second amended petition. In a second amended petition, Petitioner should separately state each ground for relief, the federal constitutional right allegedly violated, and supporting facts.

(*Id.* at 1-2.)

On October 30, 2009, Petitioner filed his Second Amended Petition (Doc. 9), identifying four grounds for relief generally describable as: (1) ineffective assistance of counsel; (2) denial of due process as a result of conviction on uncorroborated testimony of

the victim; (3) denial of the right to confront witnesses by admission of readings by an expert from a treatise; and (4) denial of the right to confront and to present a defense, etc. as a result of preclusion of evidence of the victim making a prior false allegation.

Service and an answer was ordered (Order 12/3/9, Doc. 10).

**Answer** - On March 1, 2010, Respondents filed their Response ("Answer") (Doc. 17). Respondents argue that the petition is untimely, Grounds 2 and 3 are procedurally defaulted and Grounds 1 and 2 are without merit.  Respondents mislabel their procedural default argument on Ground 3 (hearsay from treatise) as "Ground 4", and do not appear to address Ground 4 apart from their statute of limitations defense.

**Reply** - On June 21, 2010, Petitioner filed a Reply (Doc. 22) and Exhibits (Doc. 23). Petitioner argues that his Petition is not untimely because he complied with the Court's orders in filing amended petitions, his claims are properly exhausted and meritorious.

### III. APPLICATION OF LAW TO FACTS

**A.  TIMELINESS**

**1.  One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  28 U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed.  28 U.S.C. § 2244(d)(1).

Petitioner asserts that this Court has already found his Petition timely.  (Reply, Doc. 22 at 5.)  Petitioner provides no basis for this assertion.  The undersigned finds no ruling herein on the timeliness of Petitioner's petition.  Indeed, the Court's service order set forth procedures for the assertion of a "statute of limitations" defense.  (Order 12/3/09, Doc. 10 at 3.)

## 2. Commencement of Limitations Period

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]  Petitioner's direct appeal was denied March 23, 2006. Thereafter Petitioner had 30 days to seek further review by the Arizona Supreme Court. Ariz. R. Crim. P. 31.19(a). Petitioner did not do so.

Thus, barring any tolling, Petitioner's one year began to run after Monday, April 24, 2006, and would have expired on April 24, 2007.

## 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statutory tolling applies during the entire time during which the application is pending, including interludes between various stages of appeal on the application. The "AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.' " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir.1999)). *See also Carey v. Saffold,* 536 U.S. 214, 217 (2002).

Here, Petitioner's PCR proceeding was commenced on August 5, 2005, during the pendency of Petitioner's direct appeal, when Petitioner filed a Notice of Post-Conviction Relief (Exhibit C). It remained pending until the Arizona Supreme Court denied review on July 28, 2008 (Exhibit K, Order). Thus, Petitioner's limitations period was tolled from its

---

[1] While the finality of the conviction is the normal commencement date for the habeas limitations period, the statute does provide various exceptions, including newly recognized claims and newly discovered factual predicates, *see* 28 U.S.C. § 2244(d)(1), Petitioner does not assert any of these apply. It does not appear to the undersigned that these have any application.

inception until July 28, 2008.

The one year began running thereafter and expired on July 28, 2009.

### 4.  Timeliness of Federal Habeas Petition

Petitioner's current Second Amended Petition (Doc. 9) was filed October 30, 2009, well after the expiration of the limitations period.  His First Amended Petition (Doc. 7) was filed August 24, 2009, also well after the expiration.[2]  However, his original Petition (Doc. 1) was filed July 22, 2009, prior to the expiration.

Petitioner notes that he was granted leave to amend.  (Reply, Doc. 22 at 6.)  Such a grant of leave does not, however, guarantee that the subsequent amendment will be viable or timely under a statute of limitations.  Indeed, the Court undertook no effort, and did not at the time have the record, to ascertain whether the amendment would be timely.

Applications for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."   28 U.S.C. § 2242.  However, Rule 15(c), Federal Rules of Civil Procedure provides that an "amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set out - - or attempted to be set out - - in the original pleading."

In *Mayle v. Felix*, the Supreme Court clarified that the relevant "occurrence" for purposes of Rule 15(c) is not the trial or conviction, but the specific claims being asserted. "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."  545 U.S. 644, 664 (2005).

Here, District Judge Martone has already determined that  Petitioner's First Amended Petition (Doc. 7), "failed to set forth the grounds upon which he seeks relief." (Order 10/9/9, Doc. 8 at 1.)  Petitioner's First Amended Petition was essentially the same as his original

---

[2]  Petitioner represents that his original Petition was mailed July 21, 2009, his First Amended Petition was mailed August 21, 2009, and his Second Amended Petition was mailed October 29, 2009.  (Reply, Doc. 22 at 6-7.)

Petition (Doc. 1). Petitioner has not sought reconsideration of that Order. Moreover, the undersigned magistrate judge hears this matter on referral, and does not presume to be free to reconsider the referring district judge's orders.

Even if the undersigned had authority to conclude in the first instance that the original Petition, as opposed to the First Amended Petition, set forth grounds for relief, the undersigned finds no principled way to distinguish between the two petitions. They are all but duplicates of each other, save the named respondents and the certificate of service.

Moreover, even if not bound by Judge Martone's decision, the undersigned could not conclude that the original Petition set forth any claims whose "operative facts" a subsequent amendment could have in common. It is true that the *pro se* habeas petition is to be liberally construed. *Woods v. Carey*, 525 F.3d 886, 8889-890 (9th Cir. 2008). Petitioner cites *Balister v. Pacific Police Department*, 901 F.2d 696, 699 (9th Cir. 1988) for the proposition that a *pro se* litigant cannot lose their right to a hearing on the merits on a technical procedural requirement. Setting forth a claim is not a technical procedural requirement.

As noted in *Mayle*, a habeas petitioner is required at a minimum to explicitly set out the basis for his claims in his petition.

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Accordingly, the model form available to aid prisoners in filing their habeas petitions instructs in boldface:
>
> **"CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date."**
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." Under Habeas Corpus Rule 4, if "it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition."

1  545 U.S. at 655-656 (internal citations omitted, emphasis in original).

2  Here, Petitioner did not merely engage in some inartful layman's assertion of his
3  claims in his original petition which could be cured by a liberal construction. Instead, he
4  simply inserted state filings, leaving it to the Court (and respondents) to ascertain what (if
5  anything) from them should be viewed as a claim and responded to (as opposed to simply
6  being portions of the state court record).[3] A court (and respondent) left to make such
7  determinations would face such imponderables as deciding whether all claims raised in the
8  state proceeding were urged, whether facts alleged under state law claims were now intended
9  to be asserted as federal claims, etc. Worse, it would invite such "kitchen sink" litigation.
10 There would be little impetus for petitioners to not incorporate, either physically or by
11 reference, their entire state court file, lest they overlook some tangential claim or fact that
12 may later prove productive when added by an otherwise delinquent amendment.

13  It is true that Habeas Rule 4 directs the court to evaluate a petition based upon the
14 "petition and any attached exhibits." Had Petitioner made any effort to set out his grounds
15 for relief, and referenced portions of the attached exhibits to provide the meat on an
16 otherwise bare skeleton, then the court would be obligated to consider those exhibits.
17 Petitioner did not. His original Petition made no reference to the exhibits. There was no
18 skeleton of claims on which their meat could hang. *Cf. Walton v. Hill*, 652 F.Supp.2d 1148,
19 1170-1171 (D. Or. 2009) (while not preferable, petition could explicitly incorporate by
20 reference arguments set out in exhibits); and *Dye v. Hofbauer*, 546 U.S. 1, 4 (2005) (habeas
21 petition adequate where it " made clear and repeated references to an appended supporting
22 brief, which presented Dye's federal claim with more than sufficient particularity").

23  It is also true that the 2004 amendments to Habeas Rules 2 and 3 were intended to
24 ameliorate the potential statute of limitations problems where a clerk of the court might be
25 inclined to return unfiled a procedurally deficient petition. Instead, the clerk is directed to
26 file "the defective petition and require the petitioner to submit a corrected petition." Rules

---

[3] "Judges are not like pigs, hunting for truffles buried in briefs." *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir.1997).

- 8 -

Governing Section 2254 Cases, Rule 3 (Advisory Committed Notes to 2004 Amendments). However, there is no indication that this approach was appropriate where the defects went beyond such formal requirements as defects "in form," or the filing "lacked the requisite filing fee or an *in forma pauperis* form." (*Id.*) If such procedure were extended to matters of substance, a petitioner could simply submit a filing labeled "habeas petition," and await a request for correction before deigning to provide the grounds for relief or even identifying the custody being challenged, effectively extending the limitations period indefinitely. Nor are these comments expressed as a limitation on the court's authority to dismiss substantively inadequate petitions, something mandated by Habeas Rule 4.

Accordingly, the undersigned must conclude that Petitioner's original Petition set out no claims to which this Court could look to find a "operative facts" common to the claims raised in the Second Amended Petition.

Therefore, none of the claims set out in the Second Amended Petition relate back in time to the original Petition, and they are, therefore delinquent.

### 5. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

1    Petitioner asserts no circumstances prior to his filings in this Court to establish
2 equitable tolling.
3    Petitioner does complain that the dismissal of the original Petition was based solely
4 on the named respondent, and made no reference to deficiencies in the assertion of his
5 grounds for relief. (Reply, Doc. 22 at 6.) Assuming the Court had some obligation to apprise
6 Petitioner of those deficiencies in its dismissal of the original Petitioner, Petitioner cannot
7 show that such failure was the cause of his delinquency.  First, Petitioner's First Amended
8 Petition was delinquent.  So, even had the Court included such notice and Petitioner made
9 those corrections, the First Amended Petition would have still been untimely, and the claims
10 therein barred under the statute of limitations.
11    Moreover, the Court ordered and the Clerk forwarded to Petitioner a copy of the
12 approved form.  (Order 8/18/9 at 4, and attachments.)   The forms instructions clearly
13 specified:

> All questions must be answered clearly and concisely in the appropriate space on the form. If needed, you may attach additional pages. The form, however, must be completely filled in to the extent applicable.

District of Arizona, Court Approved Form for Petition under 28 U.S.C. § 2254, Instructions, at 1.

Pages 6 through 9 of the form provided spaces to describe the grounds for relief, supporting facts, and steps for exhaustion. The instructions at the preceding page directed:

> 12. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**. Attach additional pages if you have more than four grounds. State the facts supporting each ground.
>     **CAUTION**: ...Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

*Id.* at 5 (emphasis in original). Instead of responding to these questions and completing the form, Petitioner deleted the pages and inserted his exhibits.

While exhibits are permitted, the instructions make clear that they are for a limited purpose.

- 10 -

> 10. Exhibits. If available, you should attach a copy of all state and federal court written decisions regarding the conviction you are challenging. Do not submit any other exhibits with the petition. Instead, you should paraphrase the relevant information in the petition.

*Id.* at Instructions at 2.

Thus, Petitioner had ample notice that he was required to provide a statement of his grounds for relief and supporting facts. Instead of heeding that notice, he regurgitated the substance of his original petition, again excluding any grounds for relief.

In short, Petitioner fails to offer any extraordinary circumstance that made it impossible for him to file a timely petition setting forth the substance of his grounds for relief. Therefore, the undersigned finds no grounds for equitable tolling, and therefore Petitioner's Petition must be dismissed as delinquent.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Second Amended Petition for Writ of Habeas Corpus, filed October 30, 2009 (Doc. 9) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing

Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: May 2, 2011

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\09-8125-009r RR 11 04 27 re HC.wpd