**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lewis Edward Victery, | ) | No. CV-09-8125-PCT-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| State of Arizona, et al., | ) | |
| Respondents. | ) | |

The court has before it Petitioner's second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 9), the respondents' answer (doc. 17), and Petitioner's reply (doc. 22). We also have before us the Report and Recommendation of the United States Magistrate Judge recommending that we dismiss the second amended petition for writ of habeas corpus with prejudice (doc. 25), Petitioner's objections (doc. 26), and the respondents' reply (doc. 27).

**I**.

Petitioner was convicted by a jury on four counts of sexual conduct with a minor, sexual assault, child molestation, and kidnaping of a minor. At the trial, Diana Holt, a pediatric nurse, testified that the normal physical findings in the victim's examination were not surprising because "children heal very quickly." Respondent's Answer, ex. A at 3. Without objection, Holt read from two studies on trauma to child sex abuse victims. Id. at

4. One of the studies concluded that "the majority of children with legally confirmed sexual abuse will have normal or non-specific genital findings." Id.

Petitioner was sentenced on each of the sexual conduct and sexual assault counts to a mandatory term of life imprisonment without possibility of parole for 35 years, and on each of the molestation and kidnaping counts to a presumptive term of 17 years imprisonment. In sum, Petitioner was sentenced to 4 consecutive terms of life imprisonment, without the possibility of parole for 35 years.

## II. Timeliness

The government contends that the petition is untimely. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress imposed a one-year statute of limitations for all applications for writs of habeas corpus filed under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d). Petitions filed beyond the one-year limitations period are barred and must be dismissed. Id. § 2244(d)(1). The one-year statute of limitations generally begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). The statute of limitations is tolled, however, when a "properly filed application for State post-conviction or other collateral relief . . . is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's direct appeal was denied on March 23, 2006. He did not seek further review by the Arizona Supreme Court. He then filed a petition for post-conviction relief on December 1, 2006, asserting claims of ineffective assistance of counsel and insufficient evidence to support the conviction. On May 4, 2007, the post conviction relief court summarily denied the petition. Petitioner sought review by the Arizona Court of Appeals, asserting the same two claims. Review was denied by the Court of Appeals on March 18, 2008, and by the Arizona Supreme Court on July 28, 2008. Therefore, Petitioner's limitations period was tolled until July 28, 2008, and expired one year later on July 28, 2009.

Petitioner's original petition for writ of habeas corpus was filed on July 22, 2009, prior to expiration of the statute of limitations period (doc. 1). We dismissed that petition for failure to name a proper respondent and granted leave to amend. Plaintiff failed to set forth

- 2 -

any grounds for relief in the original petition, and instead attached copies of orders, petitions, and briefs from his state proceedings. We did not discuss that deficiency in our order. Petitioner filed his first amended petition on August 24, 2009, and again failed to specifically set forth grounds for habeas relief (doc. 7). On October 9, 2009, after the statute of limitations had run, we dismissed the first amended petition, without prejudice, for failure to set forth grounds for relief and again granted leave to amend (doc. 8). His second amended petition, the one currently before us, was filed on October 30, 2009, and asserts four grounds for relief (doc. 9). In allowing leave to amend, we gave no consideration to timeliness.

Applications for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15(c), Fed. R. Civ. P., provides that an "amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." The relevant "occurrence" with respect to a habeas petition is the specific claim being asserted. Mayle v. Felix, 545 U.S. 644, 664, 125 S. Ct. 2562, 2574 (2005).

Petitioner's first two petitions were not simply inartful *pro se* pleadings that could be cured by liberal construction. Instead, the petition asserted no grounds for relief, despite clear instructions on the form that the petitioner must "**state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**." (doc. 6, ex. 1) (emphasis in original). Petitioner left blank the spaces provided for a description of his grounds for relief and instead attached state court filings, leaving to the respondents and the court the task of discerning the nature of his claims.

Because Petitioner's original petition set forth no claims for relief, none of the claims raised in the second amended petition "relate back" to the original petition. Accordingly these claims are barred by AEDPA's one-year statute of limitations.

Equitable tolling of the one-year limitations period is available when a prisoner shows that (1) he was diligently pursuing his rights, and (2) some extraordinary circumstance

beyond his control made it impossible to file the petition on time. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). Petitioner originally filed a timely, albeit defective, petition. We dismissed that petition for failure to properly name a respondent, but made no mention of his failure to plead grounds for relief. In his first amended petition, he corrected only the deficiency noted in our order. It is reasonable to conclude that in relying on our order, Petitioner may have been lulled into believing that but for the failure to name a proper respondent, his petition was adequate, thereby missing an opportunity to file a timely claim. Although close, we conclude that these circumstances satisfy the equitable tolling test. We therefore turn to the merits of Petitioner's claims.

## III. Merits

In his second amended petition for habeas relief, Petitioner raises four grounds for relief: (1) trial counsel rendered ineffective assistance, (2) denial of due process as a result of conviction on the uncorroborated testimony of victim; (3) denial of the right to confront witnesses by allowing an expert to read from treatises; and (4) denial of his right to confront witnesses and to present a defense as a result of the preclusion of evidence, pursuant to Arizona's Rape Shield Law, of the victim making a prior false allegation.

### A. Unexhausted Claims – Grounds 2, 3 and 4

A state prisoner must exhaust all available remedies in state court before a federal court can grant him habeas relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). The prisoner must describe the operative facts and federal legal theory on which he grounds his claim so the state court has a "'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982). An Arizona prisoner does not exhaust a claim for federal review unless he has fairly presented it to the Arizona Court of Appeals in a petition for review. Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) .

#### 1. Ground 2

Respondents first argue that Ground 2 is procedurally defaulted because the claim was

not fairly presented in the state court. In Ground 2, Petitioner challenges the sufficiency of the evidence used to convict him, arguing that the victim's uncorroborated testimony alone is insufficient. He challenges the Arizona courts' continued application of <u>Curby v. Territory of Arizona</u>, 4 Ariz. 371, 376, 42 P. 953, 956 (1895), which held that "[e]vidence of the victim alone, in a charge of rape, is sufficient to convict." Petitioner appears to promote a rule that a victim's uncorroborated testimony is never sufficient to support a rape conviction.

This argument, however, was not presented to the state court as a specific federal claim. Exhaustion of state remedies requires that petitioners "fairly presen[t] federal claims to the state court in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971) (quotations omitted). "[A] violation of state law standing alone is not cognizable in federal court on habeas." <u>Little v. Crawford</u>, 449 F.3d 1075, 1083 (9th Cir. 2006). Here, because Petitioner did not argue before the state court that his federal constitutional rights were violated by what he considers an antiquated state law, his claim is procedurally defaulted.

Arizona's procedural rules prohibit Petitioner from returning to state court to raise this claim. <u>See</u> Ariz. R. Crim. P. 32.2(a)(3) and 32.4. Therefore, federal review of the claim is barred unless Petitioner demonstrates cause for the default, resulting in prejudice, or that failure to review the claim would result in a "fundamental miscarriage of justice." <u>Teague v. Lane</u>, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068-69 (1989). To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. <u>Murray v. Carrier</u>, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986). To establish "prejudice," a petitioner must show that the alleged constitutional violation "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170, 102 S. Ct. 1584, 1596 (1982) (emphasis in original). Where the petitioner does not establish cause, the court need not reach the prejudice prong.

A federal court may also review the merits of a procedurally defaulted claim if

- 5 -

petitioner demonstrates that failure to consider the merits will result in a "fundamental miscarriage of justice." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995). A "fundamental miscarriage of justice" occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id. The petitioner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Id.; 28 U.S.C. § 2254(e)(2)(B).

Here, Petitioner has failed to assert any basis to support cause and prejudice or a fundamental miscarriage of justice to excuse the default. Therefore, Ground 2 is barred.

### 2. Ground 3

In Ground 3, Petitioner argues that Nurse Holt's reading from the learned treatises violated his right to confrontation. Although he challenged Nurse Holt's testimony in the context of his ineffective assistance of counsel claim, he did not present an argument during any state post-conviction proceeding that Nurse Holt's testimony violated his right to confrontation. Therefore, Ground 3 is procedurally defaulted. Again, Petitioner has failed to make any showing of cause and prejudice or fundamental miscarriage of justice to excuse the default, and accordingly Ground 3 is barred.

### 3. Ground 4

Respondents also argue that Ground 4 is procedurally defaulted because Petitioner did not fairly present the claim in state court as a federal constitutional violation. In Ground 4, Petitioner argues that the trial court abused its discretion by precluding, under Arizona's Rape Shield law, evidence supporting a defense that the victim had a motive in accusing the Petitioner of the crime. Petitioner challenged the preclusion of evidence under the Rape Shield Law on evidentiary grounds. He did not allege a federal constitutional violation or cite any federal law. This is insufficient to fairly present the claim in state court. Therefore, Ground 4 is also procedurally defaulted. Again, there is no showing of either cause and prejudice or fundamental miscarriage of justice to excuse the procedural default. Therefore his claim is not properly before this court.

### B. Exhausted Claim – Ground 1

1    Federal habeas relief is not available under § 2254(d) unless it is shown that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts" in light of the record before the state court. 28 U.S.C. § 2254(d). Where the United States Supreme Court has not clearly established a rule of law, habeas relief is not available. Alvarado v. Hill, 252 F.3d 1066, 1069 (9th Cir. 2001). In addition, the federal reviewing court must find that the state court's error was actually prejudicial, that is the error must have had "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722 (1993).

In Ground 1, the only exhausted claim, Petitioner argues that his trial counsel rendered ineffective assistance by failing to (a) adequately cross-examine Nurse Holt regarding her qualifications, (b) object to Nurse Holt's reading of treatises, and (c) call an "unbiased" expert witness for the defense. The framework under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), is applied for the purpose of evaluating ineffective assistance claims under 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 394, 120 S. Ct. 1495, 1513 (2000). Under Strickland, a petitioner must show both that counsel's performance was objectively deficient and that the deficient performance caused him prejudice. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. When analyzing Strickland's performance prong, a reviewing court engages a strong presumption that counsel rendered adequate assistance, and exercised reasonable professional judgment in making decisions. Id. at 690, 104 S. Ct. at 2066. To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068.

Petitioner first argues that defense counsel was ineffective for failing to cross-examine Nurse Holt regarding her "qualifications." Holt is a pediatric nurse who testified that she has a bachelors and masters degree , as well as specific training in examining children who are suspected victims of sexual abuse. She testified that she has performed over 900

examinations of children. This testimony established Holt as an expert. Petitioner has failed to demonstrate how defense counsel could have impeached Holt's qualifications or how he was prejudiced by counsel's failure to do so. Habeas relief is not available on this claim.

Petitioner next contends that counsel was ineffective for failing to challenge the validity and reliability of the medical studies referenced in Nurse Holt's testimony, and for failing to object on the ground that they were irrelevant and prejudicial. Holt read from two medical studies to explain the absence of physical evidence of sexual assault on the victim.

Arizona courts follow Frye v. United States, 293 F. 1013 (D.C. Cir. 1923), in determining the admissibility of scientific evidence. State v. Tankersley, 191 Ariz. 359, 364, 956 P.2d 486, 491 (1998), rev'd on other grounds, State v. Machado, 226 Ariz. 281, 246 P.3d 632 (2011). "Under Frye, the admissibility of novel scientific evidence depends upon whether the evidence sought to be introduced is derived from a scientific theory or principle that has achieved general acceptance in the relevant scientific community." State v. Garcia, 197 Ariz. 79, 82, 3 P.3d 999, 1002 (Ct. App. 1999). Petitioner has offered no argument or authority as to how the studies failed to meet the Frye standard, particularly in light of Nurse Holt's testimony that the treatises were reliable authorities in the field of pediatric medicine. Counsel's decision not to challenge these studies followed a legitimate trial strategy to limit the cross-examination of a witness in order to downplay the value of her testimony. Moreover, the testimony regarding the treatises was probative of the lack of physical injury, and did not urge a decision on an improper basis. We conclude that Petitioner has failed to establish that defense counsel rendered ineffective assistance by failing to object to Nurse Holt's testimony.

Finally, Petitioner contends that counsel was ineffective for failing to call an "unbiased" expert witness for the defense. He argued before the state court that he has a constitutional right to an unbiased expert opinion in support of his defense. To establish prejudice caused by the failure to call a witness, Petitioner must show that a particular witness would have been available to testify, that the witness would have given specific proffered testimony, and that the witness would have created a reasonable probability that

the jury would have reached a verdict favorable to Petitioner. Grisby v. Blodgett, 130 F.3d 365, 373 (9th Cir. 1997) (speculating as to what a proposed witness could have said is not enough to establish prejudice). Petitioner fails to explain how expert testimony would have strengthened his case. Instead, he merely broadly speculates that some expert witness might have assisted in his defense. This is insufficient to satisfy the prejudice prong of Strickland.

Petitioner is not entitled to habeas relief on his claims for ineffective assistance of counsel.

## IV. Conclusion

Based on the foregoing, we **DISMISS WITH PREJUDICE** Petitioner's second amended petition for writ of habeas corpus (doc. 9).

We also conclude that Petitioner has not demonstrated that "reasonable jurists would find [our] assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 478, 120 S. Ct. 1595, 1601 (2000). Accordingly, **IT IS FURTHER ORDERED DENYING** a certificate of appealability.

DATED this 21st day of July, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge